UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MICHAEL SCHUHARDT,

   Plaintiff,

v.

                 Case No. 12-12302

BAC HOME LOANS SERVICING, LP,    Honorable Julian Abele Cook, Jr.

   Defendant.

ORDER

On April 25, 2012, the Plaintiff, David Michael Schuhardt, filed a complaint in the Wayne County Circuit Court of Michigan, seeking, among other things, to (1) prevent the Defendant, BAC Home Loans Servicing, LP ("BAC") from completing a scheduled foreclosure sale of his home, and (2) obtain a quiet title to the property in his name. This lawsuit was subsequently removed to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Currently before the Court is the Defendant's motion to dismiss the complaint.

I.

On April 14, 2006, Karen Mueller purchased a parcel of realty property on West Ann Arbor Trail in Plymouth, Michigan. The purchase was financed by her when she obtained a loan in the amount of $472,000 from the Homecomings Financial Network, Inc. ("Homecomings"). As security for the promissory note, she granted a mortgage in favor of the Mortgage Electronic Registration Systems, Inc. ("MERS").

On May 1, 2006, Mueller executed a quit claim deed wherein she conveyed the title to the

property to herself and Schuhardt as tenants in common. In August 2009, the MERS assigned its interest in the mortgage to BAC.[1] Subsequent to the assignment of this mortgage, Mueller failed to make the requisite monthly payments, and, in so doing she defaulted on her obligations under the mortgage note. A foreclosure sale that had been scheduled for April 26, 2012 was adjourned without a specific date.

Schuhardt, who now lives in the Mueller home, proclaims that he has personally made regular mortgage payments for Mueller. He contends that he attempted to obtain a loan modification from BAC but these efforts were ultimately unsuccessful. This lawsuit followed.

II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should (1) accept the plaintiff's well-pleaded allegations as being correct, and (2) construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts

---

[1] This assignment was recorded with the Register of Deeds in Oakland County, Michigan. BAC subsequently merged with the Bank of America, N.A. According to Bank of America, BAC is one of its subsidiaries. Hence, the proper Defendant in this action appears to be BAC's parent company, the Bank of America, N.A.

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10©). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

III.

The Defendant initially claims that Schuhardt lacks standing to challenge the

foreclosure proceedings because he was not a party to the mortgage or the note. "To establish Article III standing, a litigant must show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision." *Barnes v. City of Cincinnati*, 401 F.3d 729, 739 (6th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

It is undisputed that Schuhardt was not a party to the mortgage or the loan. However, by virtue of the quit claim deed that was executed on May 1, 2006, he holds an ownership interest in the property that could be adversely affected by the now-challenged foreclosure proceedings. The Michigan Court of Appeals has suggested that one who holds a property interest which is subject to a mortgage and foreclosure proceedings has standing to attack the mortgage. *See U.S. Bank, N.A. v. Whittier*, No. 293481, 2010 WL 4628692 (Mich. Ct. App. Nov. 16, 2010) ("We recognize that [the plaintiffs] were not parties to the mortgage; however, they have a substantial interest, a real property interest that could be detrimentally affected or harmed depending on the mortgage reformation question."); *cf. Sesi v. Fed. Nat. Mortg. Ass'n*, No. 10-12966, 2012 WL 831759 (E.D. Mich. Mar. 12, 2012) (no standing "because the state court's determination that the plaintiff was neither the personal representative of his parents' estate nor a successor in interest to the real estate rendered him a stranger to both the mortgage transaction and the land itself"). Here, Schuhardt holds an ownership in the property that may be divested by the foreclosure proceedings. Consequently, he does have standing to challenge the validity of those proceedings.

In his complaint, Schuhardt has made the following claims against the

Defendant: (1) breach of Mich. Comp. Laws § 600.3205c; (2) quiet title; (3) wrongful foreclosure by advertisement; (4) unjust enrichment; (5) promissory estoppel; and (6) deceptive act or unfair practice. However, it should be noted that Schuhardt has now withdrawn his claim of unjust enrichment, and, in so doing, he has reduced the number of his claims against the Defendant to five. As a result, Schuhardt's unjust enrichment claim is dismissed. Nevertheless, the Defendant continues to maintain that all of the remaining causes of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because of Schuhardt's failure to state a viable claim.

An examination of the record reveals that a majority of the surviving claims are founded on Schuhardt's contention that the Defendant violated Mich. Comp. Laws § 600.3205c by improperly denying him a loan modification. The relevant text of the statute contains the following language: "If a borrower has contacted a housing counselor . . . but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." Mich. Comp. Laws § 600.3205c(1). A "borrower" is defined by statute as "the mortgagor." Mich. Comp. Laws § 600.3205(3)(a). It is undisputed that Schuhardt is not the mortgagor in this case, and thus, this statute does not apply to him. Schuhardt's demand for a loan modification pursuant to Mich. Comp. Laws § 600.3205c is without merit and must be dismissed for failing to state a claim.

Schuhardt's quest for a quiet title, as well as his claims of a wrongful foreclosure, are also without merit and must also be dismissed. In his pleading, Schuhardt contends

that the Defendant's violation of Mich. Comp. Laws § 600.3205c produced an unjust foreclosure by advertisement. According to Schuhardt, this invalid foreclosure renders the Defendant's interest in the property "null and void." These claims are also without merit. As explained above, Schuhardt is not entitled to a loan modification under Mich. Comp. Laws § 600.3205c, and consequently, the failure of the Defendant to make such an accommodation does not constitute a violation of the Michigan statute. Schuhardt received a title to this property which was subject to the mortgage held by the Defendants. As there is no indication that the foreclosure process was invalid, Schuhardt has not produced any facts to establish that he possesses a superior title.

Schuhardt's promissory estoppel claim must also fail. Case law in Michigan provides that a promissory estoppel claimant must allege "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W. 2d 546, 552 (Mich. Ct. App. 1999). The promise must be "actual, clear, and definite," and reliance on it must be reasonable. *Charter Twp. of Ypsilanti v. Gen. Motors Co.*, 506 N.W.2d 556, 559 (Mich. Ct. App. 1993). A reading of Schuhardt's complaint reveals that he never alleged that a promise was made to him by the Defendant. Instead, he appears to have asserted that, by foreclosing on the property, the Defendant acted against his ownership interests when it should have known that it was his desire to remain in the property. Compl. ¶ 31 ("In taking and recording the Quit Claim Deed and in making mortgage payments to the Defendant, Defendant received actual and constructive notice of Plaintiff's

ownership claim to the Property."). This allegation is insufficient to serve as the foundation of a promissory estoppel claim. Schuhardt attempts to rescue this claim by asserting in his response that the Defendant promised to complete the loan modification process. However, he has not offered any facts to support this contention. Furthermore, he has failed to identify any actions that were undertaken by him in reliance upon this alleged promise. These unsupported allegations and conclusory recitations cannot withstand a 12(b)(6) motion to dismiss under *Twombly* and *Iqbal*.

Even if Schuhardt could substantiate his promissory estoppel claim, this claim would be foreclosed by the Michigan statute of frauds. *See Carl v. BAC Home Loans Servicing, LP*, No. 11-11255, 2011 WL 3203086, at *2 (E.D. Mich. July 27, 2011) *aff'd*, 479 F. App'x 732 (6th Cir. 2012). "Michigan's statute of frauds bars certain sorts of claims against a financial institution without a signed writing to substantiate these claims." *Id.* The relevant Michigan statute provides that an action may not be brought against a financial institution to enforce a "promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan," or a "promise or commitment to waive a provision of a loan" unless "the promise or commitment is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132(2). Schuhardt has not produced any document that contains or references a promise by the Defendant.

Schuhardt's final claim contains an allegation that the alleged practice of "robo-signing" foreclosure documents constitutes a deceptive act and/or an unfair practice by the Defendant. Contrary to Schuhardt's allegation, there is no cause of action under the law in Michigan for a "deceptive act or unfair practice." *See Haigh v.*

*Orlans Assoc., P.C.*, No. 12-10867, 2012 WL 1365081, at *7 (E.D. Mich. Apr. 19, 2012). Even construing this contention as a violation of the Michigan Consumer Protection Act ("MCPA") will not save the claim because Schuhardt's complaint does not specify any facts to support the accusation. The complainant also asserts that the affiant in the Defendant's foreclosure documents "did not have personal knowledge of the facts asserted in the documents" and "may have signed the affidavit outside of the presence of a notary public." Compl. ¶¶ 49-50. Schuhardt concludes - without providing any additional details - that this process of "robo-signing" "may constitute a deceptive act and/or an unfair practice." *Id.* ¶50. These vague allegations do not raise a right to relief above a speculative level, and do not state a claim that is plausible on its face. Indeed, it has often been held in this Circuit that "'[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *Garner v. Cuyahoga County Juvenile Court,* 554 F.3d 624, 640-41 (6th Cir. 2009) (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997)).

As the prevailing party, the Defendant requests attorneys fees pursuant to *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 309 (6th Cir. 2003) (prevailing defendant may be awarded attorney fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation"). The Defendant's reliance on this 6th Circuit case is misplaced, in that the plaintiff raised claims on the basis of two statutory schemes which expressly permitted a court to award attorney fees to successful defendants in certain situations.

*See* 42 U.S.C. § 1988; 29 U.S.C. § 1132(g). These particular statutory schemes are not applicable to this case. Inasmuch as the Defendant herein has failed to offer any other ground on which this Court may issue an award of attorney fees, its request is denied.

IV.

For the reasons that have been set forth above, the Court grants the Defendant's motion to dismiss (ECF No. 4).

IT IS SO ORDERED.

Date: March 7, 2013

s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 7, 2013.

s/ Kay Doaks
Case Manager